**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**DONNEA PRICE,**

                        **Plaintiff,**                  **No.**

**-against-**

                                                **COMPLAINT**

**PORTFOLIO RECOVERY ASSOCIATES,**

                        **Defendant.**

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer for the violation by Defendant Portfolio Recovery Associates, LLC of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The debt sought to be collected by Portfolio Recovery Associates, LLC was an alleged consumer credit debt of Plaintiff Donnea Price to pay money allegedly arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## PARTIES

3.    Plaintiff Donnea Price ("Price") is a natural person residing in the County of

Monroe, State of New York.

4. Upon information and belief, Defendant Portfolio Recovery Associates, LLC ("Portfolio"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5. Portfolio is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

6. Price qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## FACTUAL ALLEGATIONS

7. On or about March 30, 2018, Portfolio caused to be served a collection action on Price captioned *Portfolio Recovery Associates, LLC v. Deborah Price*, Rochester City Court, State of New York, Index No. CV-001978-18/RO.

8. Price was not represented by an attorney when she was served with the collection summons and complaint.

9. The service of the collection summons and complaint on Price was an attempt by Portfolio, a debt collector, to collect a debt allegedly owed by Price.

10. The complaint in the collection action alleged that Price was liable to Portfolio in the amount of $2,003.86 on a credit account purchased by Portfolio, a debt buyer, from Synchrony Bank.

11. Portfolio materially misrepresented in the collection complaint that it had the

right to collect on the alleged credit card account debt, i.e., it misrepresented that it was the owner and assignee of the account that was the basis of the action against Price, and that there was a valid chain of title from Synchrony Bank to Portfolio. This constituted a materially false and misleading representation with regard to the character and legal status of the debt Portfolio was attempting to collect.

12. After she had been served with the collection summons and complaint, Price retained an attorney in the collection action, and incurred liability for attorney fees in the amount of $500.00 and court costs of $140.00.

13. Price interposed an answer denying sufficient information to form a belief as to the allegations of the collection complaint, which had the effect of denying liability on the alleged debt. Price also interposed the following defenses, among others: lack of standing to bring the claims set forth in the collection complaint, and claiming an excess amount due by failing to take into account benefits realized by the original creditor.

14. In a mandatory arbitration on the collection case held on March 20, 2019 decided in favor of Price, Portfolio could not prove with admissible evidence that it owned a charge account in the amount of $2,003.86 originally issued by Synchrony Bank on which Price was allegedly liable. Portfolio failed to establish a proper chain of title from Synchrony Bank to Portfolio with admissible evidence in the arbitration.

15. Although an attorney appeared for Portfolio, it failed to offer any admissible evidence whatsoever in support of the collection case in the arbitration and therefore had no intention of proving the alleged debt.

16. Portfolio's alleged materially false, deceptive and misleading statements in its collection complaint must be viewed from the perspective of an unsophisticated

consumer, since Price was not represented by counsel when the collection complaint was served on her.  The unsophisticated consumer standard is objective and pays no attention to the circumstances of the particular debtor in question and asks only whether the hypothetical least sophisticated consumer could reasonably interpret the representation in a way that is inaccurate.  Specifically, Portfolio misrepresented for purposes of the collection action that it was authorized to bring the collection action by virtue of its alleged ownership of a credit card account debt on which Price was purported to be originally liable to Synchrony Bank.  This false representation of the owner of a debt could easily mislead the least sophisticated consumer as to the nature and legal status of the debt, and impede the consumer's ability to respond.

17. Price was not given proper notice of any assignment of a debt on which Price was allegedly liable to Synchrony Bank by Synchrony Bank or any other alleged predecessor in title to Portfolio, therefore, any collection proceedings, including the filing of a collection summons and complaint against Price by Portfolio, were prohibited by New York State law.  A debtor, in order to be charged with a duty to pay a debt to an assignee, must first have actual notice of the assignment.  *Tri City Roofers, Inc. v. Northeastern Industrial Park*, 61 NY 2d 779, 780.  This must include proof in evidentiary form of "the date defendant was notified of the assignment" (*see Caprara v. Charles Court Assoc.,* 216 AD2d 722, 723 (3d Dept. 1995).   Further, it is the assignor's obligation to provide such notice of the assignment.

18. As a result of the mandatory arbitration referred to above, Price was found to have no liability with respect to the debt she was sued on by Portfolio.  Even assuming that Portfolio was properly assigned a debt on which Price was originally liable to

Synchrony Bank, which Price denied, Synchrony Bank allegedly charged off any alleged credit account on which Price was liable to Synchrony Bank, and as a result of the charge-off, would have realized benefits as a result of a bad debt deduction on its tax returns.

19. Internal Revenue Service regulations require creditors to charge-off credit card accounts after 180 days of delinquency.  One purpose of making such a declaration is to support a tax deduction for bad debts under Section 166 of the Internal Revenue Code.  A charge-off is considered to be written off as uncollectable and is deducted from the corporation's tax returns.

20. Even if Portfolio was properly assigned such an account, which was denied, the collection complaint overstated the amount due as $2,003.86 by failing to take into consideration the benefit on the alleged debt realized by Synchrony as a result of the charge-off and bad debt deduction.  The amount due should have been decreased by the benefit to Synchrony of the deduction.

21. Portfolio, as the alleged assignee of Synchrony Bank, would have stood in the shoes of Synchrony, and would therefore have to account for any benefits realized by Synchrony because an assignee never stands in any better position than his assignor and takes an assignment subject to any preexisting liabilities.  Synchrony Bank could not benefit from the bad debt deduction and also collect the full balance owed on the debt; likewise, Portfolio cannot do so either.

**FIRST CLAIM – VIOLATIONS OF 15 U.S.C. §§ 1692e and 1692e(2)(A)**

22. Price repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

23. Portfolio violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Portfolio also violated § 1692e(2)(A), which prohibits the false representation of the character, amount or legal status of any debt. Portfolio misrepresented in the collection complaint that for purposes of the collection action it owned through assignment a credit card account on which Price was originally liable for $2,003.86 to Synchrony Bank when in fact it could not and did not prove with admissible evidence that it was the owner of any such account, or was ever assigned such account.

24. Because Price was not given notice of an assignment by any alleged assignor to Portfolio, including but not limited to Synchrony Bank, Portfolio also violated 15 U.S.C. § 1692e by falsely, deceptively and misleadingly claiming in the collection complaint that it was entitled to pursue any collection activities against Price.

25. Even if Portfolio was properly assigned the credit card account, which was denied by Price, Portfolio further violated Section 1692e(2)(A) by overstating the amount due in the collection complaint as $2,003.86, which was not reduced to take into account any benefits realized by the original creditor as a result of bad debt deductions for charging off the credit card account allegedly assigned to Portfolio.

26. As a result of such violations, Price suffered damages, including actual damages of $640.00 in defending the collection action; actual damages for emotional distress; statutory damages; and attorney fees.

**SECOND CLAIM – VIOLATIONS OF 15 U.S.C. § 1692e(5)**

27. Price repeats and realleges and incorporates by reference the above

6

paragraphs of the Complaint.

28. Portfolio violated 15 U.S.C. § 1692e(5) by threatening in the collection summons and complaint to take action that cannot be legally taken. Specifically, Portfolio threatened to take a judgment on the alleged debt against Price, including costs and interest, despite the fact that Portfolio was not capable of proving ownership of the debt for purposes of the collection action, and therefore was not legally entitled to take a judgment against Price.

29. Further, Portfolio violated 15 U.S.C. § 1692e(5) by undertaking collection actions against Price even though there was no notice of assignment to Price by Synchrony Bank or any other alleged assignor to Portfolio. New York law prohibits such collection activities in the absence of a notice of assignment from the assignor.

30. Portfolio further violated 15 U.S.C. § 1692e(5) since it threatened to take judgment based on allegations in a complaint that it did not intend to prove.

31. As a result of such violations, Price suffered damages, including actual damages of $640.00 in defending the collection action; actual damages for emotional distress; statutory damages; and attorney fees.

**THIRD CLAIM – VIOLATIONS OF 15 U.S.C. § 1692e(10)**

32. Price repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

33. Portfolio violated 15 U.S.C. § 1692e(10) by misrepresenting that it was authorized to bring the collection action against Price, even though it could not prove ownership of the debt underlying the collection action, and even though Portfolio was prohibited from engaging in any collection activities against Price because Price did not

receive notice of any assignment of the debt to Portfolio from Synchrony Bank or any other alleged predecessor of Portfolio.

34. Portfolio further violated 15 U.S.C. § 1692e(5) since it threatened to take judgment based on allegations in a complaint that it did not intend to prove.

35. As a result of such violations, Price suffered damages, including actual damages of $640.00 in defending the collection action; actual damages for emotional distress; statutory damages; and attorney fees.

**FOURTH CLAIM – VIOLATIONS OF 15 U.S.C. §§ 1692f AND 1692f(1)**

36. Price repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

37. It is provided in 15 U.S.C. § 1692f, in relevant part: "Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

38. Portfolio violated the general application of § 1692f because it could not prove for purposes of the collection action that it owned the debt alleged to be owed by Price in the collection complaint.

39. Portfolio further violated § 1692f because it engaged in collection activities against Price that were prohibited by New York law because Price did not receive from Synchrony Bank or any other alleged predecessor of Portfolio any notice of assignment of the alleged credit card account debt.

8

40. Portfolio violated the specific conduct prohibited by § 1692f(1) because it could not demonstrate for purposes of the collection action that it was assigned the rights to any agreement that authorized Portfolio to collect any amount from Price with regard to a credit card account on which Synchrony Bank was allegedly the original creditor.

41. As a result of such violations, Price suffered damages, including actual damages of $640.00 in defending the collection action; actual damages for emotional distress; statutory damages; and attorney fees.

**FIFTH CLAIM – DECEPTIVE PRACTICES UNDER NEW YORK LAW**

42. Plaintiff repeats and realleges the foregoing allegations of the complaint.

43. As stated above, Portfolio deceptively attempted to collect a consumer debt from Price to which Portfolio could not prove ownership in the collection action together with other deceptive acts and practices.

44. The foregoing deceptive acts and practices in the conduct of its debt collection business with regard to Price violated New York General Business Law §349, thereby causing damages to Price.

45. New York General Business Law §349(a) provides as follows: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

46. Portfolio's deceptive conduct was consumer oriented in that it engaged in deceptive collection activities against Price with respect to an alleged consumer debt, and which could affect the public at large.  In fact, Portfolio engages in collecting consumer debts with regard to numerous other residents of New York in the public at large.

9

47. Portfolio's practices were deceptive and misleading in a material way. The deceptive practices were likely to mislead a reasonable consumer acting reasonably under the circumstances.

48. As a result of Portfolio's deception, Price suffered actual damages consisting of attorney fees and court costs of $640.00 incurred in defending against Portfolio's deceptive collection practices.

49. Plaintiff is also entitled to an award of reasonable attorney fees for prosecuting this action pursuant to §349 of the New York General Business Law.

50. Plaintiff is entitled to punitive damages based on the egregious and unconscionable deceptive practices of Portfolio LLC in pursuing debt collection on debts to which it cannot show ownership, as well as collecting on assigned debts for which no notice of assignment has been given to the debtor. These deceptive practices clearly have the potential to affect the public at large. Portfolio's conduct is so flagrant that it transcends mere carelessness.

51. Price is entitled to treble damages up to $1,000.00 provided for under §349 of the New York General Business Law, since Portfolio's deception was willful and knowing.

52. Price may also be entitled to statutory damages pursuant to §349 of the New York General Business Law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Actual and statutory damages in amounts to be determined by the Jury and/or Court in Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692k.

B.  Actual, statutory, treble and punitive damages in amounts to be determined by the Jury and/or Court in Plaintiff's State deceptive practices claim pursuant to New York State General Business Law § 349.

C.  Costs and reasonable attorney fees on the FDCPA claims pursuant to 15 U.S.C. § 1692k.

D.  Costs and reasonable attorney fees on the State deceptive practices claim pursuant to New York State General Business Law § 349.

E.   Such other and further relief as may be just and proper.

Dated: March 21, 2019

***DEMAND FOR JURY TRIAL***

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted,

/s/ David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
401 Penbrooke Dr., Bldg. 2, Ste. B
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com